UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELVIN SEALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV01760 AGF |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STIPULATED PROTECTIVE ORDER

The parties to this lawsuit have stipulated that the disclosures and discovery in this case will involve production of personal, confidential, or closed information and materials.  The parties agree that any such personal, confidential, or closed information and materials shall not be made public, or otherwise disseminated, except as set forth in this Protective Order. Furthermore, the parties have stipulated that the discovery in this case will involve production of voluminous documents, including those held in electronic format. The parties have agreed that any disclosure of privileged materials will not waive privilege, as set forth in this Protective Order.

Based on the parties' stipulation and agreements, and in order to preserve confidentiality and privilege and to facilitate discovery, this Court finds that good cause exists for the issuance of this Protective Order.

1

Therefore, this Court **ORDERS** that:

1.     Parties produce any personal, confidential, or closed information or personal, confidential, or closed documents and materials relating to the allegations at issue in this lawsuit. This may include items contained in personnel files and wage information.

2.     This Order includes information contained in any document, writing, paper, tangible thing, discovery response, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or the testimony of any party or witness, relating to persons who are parties to this case, or persons who are not parties to this case, but who are or were employees of the Missouri  State Highway Patrol ("Highway Patrol") or any statement that any party reasonably believes is included within the three categories set forth in paragraph 1 above. Confidential information may include or be included in, but is not limited to, documents, papers, manuals, transcripts, answer to interrogatories and other answers to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments that comprise, embody, or summarize material that the parties consider in good faith confidential, exclusive of information in the public domain.

3. Whenever any party produces a document or thing containing information that the party reasonably considers personal, confidential or closed and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or thing that contains such information as "CONFIDENTIAL" or by writing a letter to the other party identifying the document(s) by Bates number or describing with particularity the information being designated as Confidential Information. The party asserting such confidentiality shall designate the information as Confidential before it is produced by the party claiming confidentiality.

4. In designating information as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party reasonably believes comprise or reflect information described in paragraphs 1 and 2 above and the designation made by a party shall be certification to the Court and to the other parties that such information is believe to be confidential within the meaning of this Order.

5. "CONFIDENTIAL" material shall be used by the parties to this case solely for the purpose of prosecuting or defending this case, and not for any other purpose whatsoever.

6. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a) any counsel working on this action on behalf of any party,

3

including in-house counsel, and all paralegals, secretaries, stenographic and clerical employees working under the direction of such counsel;

b) an individual who is a party or one designated employee of a party;

c) expert witnesses, or potential expert witnesses, retained by the parties, only after compliance with paragraph 12 of this Order;

d) any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial, except that such witness or potential witness may not retain "CONFIDENTIAL" material. Each such witness shall be informed of this Protective Order and apprised of the necessity to maintain and not disclose the confidentiality of "CONFIDENTIAL" material;

e) this Court and employees of this Court to the extent necessary to assist this Court in this case; and,

f) court reporters and video technicians at depositions.

g) individuals to whom the information pertains;

h) copying services or litigation support services; and

i) any person who is designated to serve as a mediator in the case;

j) any other person as agreed to, in writing, by the parties.

7. Plaintiff's counsel, and those employed or engaged or retained by plaintiff's counsel, may not disclose to plaintiff or any member of his family,

4

his friends, or his co-workers or neighbors or associates, nor to any expert witness or investigator engaged or retained by plaintiff's counsel, past or present Highway Patrol employees' home address, social security number, non-work related telephone number, and protected health information.

8.     In the event a party seeks to maintain as confidential deposition testimony or all or portion of a deposition transcript under the standards set forth in this Order, such party shall state on the record at the conclusion of the deposition that the party intends to designate all or part of the deposition transcript as Confidential and that party shall then, within 10 days of the deposition transcript becoming available, notify the other party, in writing, specifically which parts of the deposition transcript are confidential. The transcript and all materials included in or attached to the transcript will be treated as confidential until the foregoing time period has expired or any designation of confidentiality is made.

9.     By entering into this Protective Order, neither party admits that any documents or information produced by the other party pursuant to this Protective Order are confidential and reserves the right to challenge the producing party's confidential designation.  If the Parties are unable to resolve the dispute, the party disputing the designation may present the matter to the Court and the Court shall determine whether such material should be protected by this Protective Order.  The material in question shall

5

be kept confidential pending a final ruling by this Court granting the relief requested. The fact that the material is designated "CONFIDENTIAL," however, shall not delay or otherwise interfere with its discovery.

10. If it becomes necessary to submit Confidential Information to the Court in connection with any filings or proceedings in this litigation, this Protective Order grants leave to make such filing under seal through Casenet electronic filing or otherwise.

11. The parties and counsel for each party agree to abide by and be bound by this Order's provision and to use due care to see that its provisions are known and adhered to by those under their supervision or control (including retained and consulting experts) and have agreed to abide by and be bound by this Order even before it is entered by this Court. A copy of this Protective Order shall be provided to all retained and consulting experts.

12. Nothing in this Order is intended to restrict the use of material designated as "CONFIDENTIAL" at the trial or hearing of this matter. Issues of admissibility at any trial or hearing shall be determined by the Court at that time.

13. Within thirty (30) days of the conclusion of this litigation, including all appeals, each party shall either destroy or return to the party from whom the documents were obtained all documents designated as "CONFIDENTIAL" provided by or obtained from any other party in the

6

litigation, together with all copies. However, the parties may retain in the files of the law firms handling this litigation and may be destroyed pursuant to their regular file retention policies so long as the designated confidential documents is maintained in a secure environment.

14. Nothing in this Order shall be construed to entitle any party to obtain any document, thing, or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party.

15. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced. Defendants agree that if any of the information or materials included in paragraphs 1 and 2 above is attorney-client privileged or work product privileged, defendants will provide plaintiff with a privilege log for plaintiff's inspection.

16. The inclusion of any privileged material in any discovery shall inadvertent not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind.

17. The parties shall return any privileged material inadvertently

7

disclosed immediately upon notice of the disclosure.

18.     No copies will be made of the inadvertently disclosed materials.

19.     By agreeing to this Order, the parties agree to be bound by its terms, and the terms of this Order are binding on the parties to the same extent as if approved by this Court until approved by this Court or this Court orders otherwise.

20.     This Protective Order may be modified by a written agreement of the parties or by Order of this Court.

The parties respectfully request that the Court approve this Stipulated Protective Order, and if so approved, enter it herein below.


Respectfully submitted,

**JOSHUA D. HAWLEY**                    The CHAPEL LAW GROUP, LLC
Missouri Attorney General

/s/*Deborah Bell Yates*                    */s/Nimrod T. Chapel, Jr.*
Deborah Bell Yates #30798              Nimrod T. Chapel, Jr.
Assistant Attorney General             The Chapel Law Group LLC
P.O. Box 861                           219 E. Dunklin Street, Suite A
St. Louis, MO  63188                   Jefferson City, MO 65101
(314)340-7861                          *Attorney for Plaintiff*
(314)340-7029 (fax)
Attorneys for Defendants

8

**IT IS SO ORDERED**.

Dated: _May 17, 2018_    _Audrey G. Fleissig_

THE HONORABLE AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MISSOURI

9